## FRANCOISE GALOCHE v. GRIVOT AND WIFE.

When, for purposes of justice, the law allows a fictitious citation in place of a real one, it is necessary that all the formalities required to operate the legal fiction should be strictly observed.

When a citation is addressed to an officer of the Court, through whom defendants are to be brought into Court, the title of his office should be stated in the citation ; and defendants cannot be bound by a citation neither addressed to them, or to the proper officer in his official character.

A citation served on a curator appointed by the Court, must be addressed to him in his official capacity; this official capacity must be stated in the citation, otherwise the parties whom he represents are not in Court, and an answer filed by the curator does not cure the defect.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *Roselius & Grivot*, for appellants.   *R. H. Grandmont*, for appellee.

HYMAN, C. J.   Francoise Galoche sued defendants to have a donation, made by him to them, on the 29th of January, 1851, of a certain lot in the city of New Orleans, revoked.

In her petition she alleged that defendants were absentees, and, at her instance, Joseph P. Horner was appointed by the Court curator ad hoc, to represent them in the suit.

Thereafter, Francoise Galoche, deceased, and Theodule Perin, alleging

himself to be the executor of her succession, and Margaret Bonnaud, averring that she was the universal legatee of the deceased, were, by order of Court, on their prayer, made parties to the suit.

On the 7th of December, 1864, the Court rendered judgment, revoking and annulling the donation of the lot. From this judgment defendants have appealed.

The only question necessary to be decided on this appeal is, whether the defendants are properly in Court ?

The citation served on the curator, appointed by the Court to represent defendants, was addressed "to Joseph P. Horner."

The appellees contend that this address was sufficient.

We deem otherwise.

In ordinary proceedings, citation is the very foundation of the suit.

For purposes of justice, the law allows, in certain cases, a fictitious citation in place of a real one, and it is necessary that the formalities required to operate the legal fiction should be strictly observed.

When citation is addressed to the officer of the Court, through whom defendants are to be brought into Court, the title of his office should be stated in the citation, and defendants cannot be considered bound by a citation neither addressed to them nor to the officer in his official character. 13 An. 405.

Joseph P. Horner, as curator ad hoc, filed an answer for defendants, and the appellees contend that, if there be a defect in the citation, it was cured by the answer of the curator.

The curator had no capacity to act as such until served with regular process. See 12 Robertson, 541.

It is decreed that the judgment of the District Court be reversed, and that the case be remanded for further proceedings in accordance with law.

Appellees to pay the costs of appeal.